# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dusan C., | Case No. 26-cv-00620 (JRT/ECW) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary of Homeland Security* Todd M. Lyons, *Acting Director of U.S. Immigration & Customs Enforcement*; Marcos Charles; *Acting Executive Associate Director for Enforcement and Removal Operations*; Peter Berg, *Field Office Director for Enforcement and Removal Operations*; U.S. Immigration & Customs Enforcement; U.S. Department of Homeland Security; Eric Tollefson; *Kandiyohi County Sheriff*, | |
| Respondents. | |

This matter is before the Court on Petitioner Dusan C.'s[1] Emergency Petition for

Writ of Habeas Corpus ("Petition") (Dkt. 1). This case has been referred to the

undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local

---

[1]   This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders and report and recommendations in immigration matters.

Rule 72.1.  For the following reasons, this Court recommends that the Petition for Writ of Habeas Corpus (Dkt. 1) be granted.

## I.    BACKGROUND

Petitioner is a noncitizen who entered the United States at some point in the late 1980s or 1990s.  (*See* Dkt. 1 ¶ 4, Dkt. 6 ¶ 5.)  The parties dispute Petitioner's citizenship. Petitioner asserts that he was a citizen of Yugoslavia, which ceased to exist in 1992, rendering him stateless.  (Dkt. 1 ¶¶ 2-3.)  Respondents assert that Petitioner is a citizen and national of Poland.  (Dkt. 6 ¶ 4.)

On January 4, 1999, Petitioner was ordered deported to Poland.  (Dkt. 10-2 at 1.) Following that order, Petitioner was detained by ICE from October 8, 1999 until January 19, 2000.  (Dkt. 10 ¶ 5.)  On January 19, 2000, Petitioner was released on an Order of Supervision.  (*Id.* ¶ 6.)  The order granting Petitioner's release states that "[t]o date, the INS has been unable to remove you from the United States as ordered on 01/04/99." (Dkt. 10-3 at 1.)  The order also stated that:

> We will continue to make efforts to obtain your travel document that will allow the United States government to carry out your removal pursuant to your order of deportation, exclusion, or removal. You are required by law to cooperate in that effort. If we are successful in obtaining those documents, you will be required to surrender to the INS for removal. You will, at that time, be given an opportunity to prepare for an orderly departure.

(*Id.*)

Petitioner alleges, and Respondents do not dispute, the following facts.  Petitioner has complied with all conditions of his Order for Supervision.  (Dkt. 1 ¶¶ 8, 12.) Petitioner's conduct since his release in 2000 "demonstrates that he has managed to

2

adjust to life in a community, avoid engaging in acts of violence or criminal activity, does not pose a danger to the safety of anyone, and is unlikely to violate the conditions of his release from custody pending removal." (*Id.* ¶ 71(e).)  However, on January 23, 2026, ICE officers appeared at Petitioner's home, walked around the property, and peered into windows. (*Id.* ¶ 8.)  ICE did not have a judicial warrant to enter Petitioner's home. (*Id.* ¶ 11.)  "The armed and masked ICE agents intimidated Petitioner's wife into calling Petitioner and asking him to come home to be 'interviewed' (per the instructions of the ICE officers.)" (*Id.* ¶ 8.)  When Petitioner returned home, he was not interviewed. (*Id.* ¶ 9.)  Instead, he was "arrested within less than a minute of arriving on scene." (*Id.*)  Since being detained, Petitioner has not received any Notice of Revocation of Release, Notice of Custody Determination, or any other written notice justifying his re-detention. (*Id.* ¶ 19.)

Petitioner filed this Petition for a Writ of Habeas Corpus on January 24, 2026. (Dkt. 1.)  Later that day, United States District Judge John Tunheim issued an Order requiring Respondents to answer the Petition by no later than 5:00 P.M. on January 27, 2026. (Dkt. 3 at 2.)  The Order required Respondents' answer to include, among other things, "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition," and "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release. *See e.g., Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026)." (*Id.* at 3.)  The Order also enjoined Respondents from removing Petitioner from the District of Minnesota while the Petition

3

is pending.  (*Id.* at 2.)  Petitioner was permitted to file a reply to Respondent's answer by no later than 5:00 P.M. on January 28, 2026.  (*Id.* at 3.)

On January 27, 2026, Respondents filed their answer.  (Dkt. 5.)  Respondents alleged that Petitioner is a citizen of Poland and argued that Petitioner's detention pending his deportation to Poland is lawful.  (Dkt. 6 ¶ 4; *see also* Dkt. 5 at 2.)  Petitioner did not file a reply.  On February 3, 2026, the Court issued an Order requiring Respondents to file supplemental information with the Court, including:

1.  Documents supporting Respondents' assertion that Petitioner "has claimed to have been born in Poland in all of his pending and approved applications with US Citizenship and Immigration Services" and that "the claimed mother was also reportedly born in Poland";

2.  Petitioner's January 04, 1999 Order of Removal;

3.  Petitioner's January 19, 2000 Order of Supervision; and

4.  A Declaration setting forth:

   a.  the length of time, if any, that Petitioner was detained prior to his 2000 release;

   b.  what circumstances have changed following that release that prompted Petitioner's arrest by ICE on January 23, 2026; and

   c.  what steps have been taken to remove Petitioner since his January 23, 2026 arrest, including whether a travel document has been requested or obtained.

(Dkt. 7 at 3.)

On February 10, 2026, Respondents filed a supplemental response including a Declaration of Deportation Officer James L. Van Der Vaart ("the Supplemental Van Der Vaart Declaration").  (Dkt. 10.)  The Declaration states that Petitioner "has claimed to

4

have been born in Warsaw Poland in all of his pending and approved applications with

US Citizenship and Immigration Services (USCIS)." (*Id.* ¶ 4.)  Attached to the

Declaration was a copy of a Form G-325A (a "Biographical Information" form)

completed by Petitioner on May 2, 1997.  (Dkt. 10-1.)  In that form, Petitioner listed his

nationality as "Poland," listed his city and country of birth as "Warsaw, Poland," and

indicated that both of his parents were born in Poland.  (*Id.*)  The application did not state

whether Petitioner was a citizen of Poland at the time of his application.  (*Id.*)  The

Supplemental Van Der Vaard Declaration also stated that "DHS has two (2) original

Yugoslavian passports for CIRLIC.  Both documents state a birthplace of Warsaw,

Poland," and attached scans of these passports to the Declaration.  (Dkt. 10 ¶ 4, Dkt. 10-

4, Dkt. 10-5.)[2]

In response to the Order's direction that Respondents set forth "what steps have

been taken to remove Petitioner since his January 23, 2026 arrest, including whether a

travel document has been requested or obtained," the Supplemental Van Der Vaard

Declaration stated that "[t]he Attache for the Polish Embassy has been contacted

regarding a travel document and the possibility of Significant Likelihood of Removability

in the Foreseeable Future (SLRFF).  We are currently awaiting a response." (Dkt. 10

¶ 7.)  Respondents did not provide any additional information in response to the Order to

---

[2]     The Court makes no finding as to Petitioner's citizenship, as the analysis of his
Petition does not turn on this question.

identify "what circumstances have changed following [Petitioner's release in 2000] that prompted Petitioner's arrest by ICE on January 23, 2026." (*See* Dkt. 7 at 3.)

## II.    LEGAL STANDARD

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. 1 at 10.) Under this provision, a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States") (citing U.S. Const., Art. I, § 9, cl. 2)). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus extends to immigration-related detention after a detention order becomes final. *Faysal N. v. Noem*, No. 25-CV-04641 (JMB/DLM), 2026 WL 36066, at *2 (D. Minn. Jan. 6, 2026).

The Court has jurisdiction to hear this Petition, which does not challenge the removal order but instead challenges the revocation of Petitioner's supervised release and the lawfulness of his re-detention. *See Garrison G. v. Bondi*, No. 26-CV-172 (JMB/DJF), 2026 WL 157677, at *2 (D. Minn. Jan. 17, 2026) ("Because Garrison G. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of his current re-detention."); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings

remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

### III.    DISCUSSION

Petitioner seeks relief on a number of grounds, including Respondents' alleged violation of the Immigration and Nationality Act and 8 C.F.R. § 241.013(i)(2)-(3) (Dkt. 1 ¶¶ 105-09), violation of the Fifth Amendment (*id.* ¶¶ 110-13), and violation of the Administrative Procedures Act (*id.* ¶¶ 114-19).  Because the Court finds ICE has violated 8 C.F.R. § 241.013 in re-detaining Petitioner, it does not reach the alternative grounds. *See Faysal N.*, 2026 WL 36066, at *3 n.3 ("Faysal N. also asserts that his re-detention violated the Administrative Procedure Act and the due process clause of the Fifth Amendment.  Because the Court finds that ICE has violated its own regulations in re-detaining Faysal N., such that his current detention is unlawful, the Court does not reach these alternative arguments.") (citation omitted).

As to his regulatory challenge, Petitioner argues ICE did not comply with the requirements of 8 C.F.R. § 241.13, which governs the revocation of an order for supervised release.  (*See* Dkt. 1 at 7-8.)  This regulation provides, in relevant part, that ICE "may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  This regulation also sets forth factors to consider in determining whether removal is significantly likely in the reasonably foreseeable future, including: the noncitizen's efforts to comply with the removal order; the history of ICE's efforts to

remove individuals to the destination country or to third countries; the ongoing nature of ICE's efforts to remove the particular noncitizen and his assistance with those efforts; the reasonably foreseeable results of those efforts; and the views of the Department of State regarding the prospects for removal to the countries in question.  8 C.F.R. § 241.13(f). The regulation further provides that:

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i)(3).

In general, a habeas petitioner bears the burden of showing that their detention violates the law.  *See Copenhaver v. Bennett*, 355 F.2d 417, 422 (8th Cir. 1966). However, courts in this jurisdiction have concluded that 8 C.F.R. § 241.13(i)(2) places the burden on the government to establish that changed circumstances justify a non-citizen's re-detention.  *E.g.*, *Garrison G. v. Bondi.*, 2026 WL 157677, at *3; *Yee S. v. Bondi*, No. 25-CV-02782 (JMB/DLM), --- F. Supp. 3d ----, 2025 WL 2879479, at *4 (D. Minn. Oct. 9, 2025); *Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025); *Ban S. v. Bondi*, No. 25-CV-4750 (PJS/ECW) (D. Minn. Jan. 17, 2026), *R. & R. adopted*, 25-CV-4750 (PJS/ECW) (D. Minn. Jan. 26, 2026).  The Court finds the reasoning in those cases persuasive and concludes that 8 C.F.R. § 241.13(i)(2) requires ICE to show changed

circumstances that justify revocation of supervised release.  As one court has explained, this requirement is consistent with the default rule that the burden falls on the party who "generally seeks to change the present state of affairs and who therefore naturally should be expected to bear the risk of failure of proof or persuasion."  *See Roble*, 803 F. Supp. 3d at 772 (quoting *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005) (quoting McCormick on Evidence § 337 (5th ed. 1999))).  As it is the government who seeks to change the state of affairs by re-detaining Petitioner, it is the government who bear the burden to establish the changed circumstances that justify re-detention.  *See id.*

It is plain that Respondents have not met their burden to establish changed circumstances under 8 C.F.R. § 241.13(i)(2).  Regardless of whether Petitioner is a citizen of Poland, it is uncontested that the government attempted to remove Petitioner to Poland in 1999 and was unable to do so.  (*See* Dkt. 10-3.)  Respondents have not provided any reason to believe that they can now remove Petitioner to Poland. Respondents were explicitly ordered to identify what changed circumstances justify Petitioner's re-detention 26 years later but failed to do so. (*See* Dkts. 7, 8.)  Respondents have not obtained a travel document for Petitioner and have not provided any information suggesting that a travel document is likely to be issued in the foreseeable future.  (*See* Dkt. 10 ¶ 7 (stating only that "[t]he Attache for the Polish Embassy has been contacted regarding a travel document and the possibility of Significant Likelihood of Removability in the Foreseeable Future (SLRFF).  We are currently awaiting a response.").

Several courts in this District have concluded that the government does not meet its burden when it makes a bare assertion of likelihood of removal without alleging

specific relevant changed circumstances.  *E.g.*, *Roble*, 803 F. Supp. 3d at 773 (concluding that the government did not meet its burden when it "provided 'scant information' about what 'assistance' it has requested from ICE headquarters for a third country removal, and it has provided no information about the anticipated outcome of requesting that assistance."); *Yee S.*, 2025 WL 2879479, at *4 ("in the Revocation Notice, ICE claimed summarily that the agency had made a 'determination that there are changed circumstances in your case,' and the only factual explanation provided was the assertion that 'ICE is in the process of obtaining a travel document' . . . The Revocation Notice does not explain what the travel document is or how long it will take to obtain.  Nor does it specify from which country ICE was attempting to obtain a travel document or describe what steps ICE had taken in this 'process.'"); *Faysal*, 2026 WL 36066, at *4 ("The Notice of Revocation of Release does not identify any 'changed circumstances' or provide any explanation to support the conclusion that [the petitioner] is significantly likely to be removed in the reasonably foreseeable future.  In this notice, ICE claims summarily that the agency had made a 'determination that there are changed circumstances in your case,' but it includes no factual statements or explanation."); *Ban S.*, No. 25-CV-4750, at *7 (concluding that the government had not met its burden where "the only evidence of changed circumstances offered by Respondents is Robinson's statement that 'ICE Headquarters and Removal Operations is actively working with the Department of State and the Department of Homeland Security on removal logistics for [Petitioner]').  In this case, Respondents have likewise failed to meet their burden.

10

Consequently, the Court concludes that Petitioner's detention is unlawful and recommends his immediate release on this basis.[3]

While the Court does not address every additional basis for relief that Petitioner raises, the Court also notes that Respondents have also failed to comply with 8 C.F.R. § 241.13(i)(3), which requires that:

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

8 C.F.R. § 241.13(i)(3).  Respondents did not contest Petitioner's allegation that he was never provided the notice and interview required by this regulation.  (*See* Dkt. 1 ¶ 19.) Respondents acknowledge this requirement in their Response, but do not assert that they complied.  (*See* Dkt. 5 at 7.)  Rather, Respondent suggests that "[i]f the Court concludes that ICE's re-detention procedures were deficient, then the solution is for the agency to redo the process and correct any deficiencies—not release Petitioner from detention outright." (Dkt. 5 at 11.)  Respondents cite no authority for this argument, and the Court declines to accept Respondents' proposed "solution" in view of the fact that the deficient

---

[3]    The Court does not reach the question of whether aggregation of Petitioner's prior detention by ICE and his current detention for purposes of the 6-month requirement under *Zadvydas* is appropriate, as ICE violated the law when it re-detained Petitioner in violation of its own regulations and that is sufficient basis to grant the Petition.

procedures include the failure to show changed circumstances, as well as the failure to provide notice and an interview.  Indeed, courts in this District have granted release when ICE violated its own regulations regarding notice and an opportunity to respond even where it was possible that a petitioner could be re-detained after the government complied with 8 C.F.R. § 241.13(i)(3).  *See Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 787-89 (D. Minn. 2025) (overruling objections to recommendation for release because ICE did not comply with 8 C.F.R. § 241.13(i)(3); Respondents also failed to show removal was significantly likely in the reasonably foreseeable future); *see also Roble*, 803 F. Supp. 3d at 771-72  ("Because ICE violated its own regulations when it detained Roble without notifying him of the reasons why he was being detained, Roble is entitled to habeas relief.") (ordering release due to ICE's failure to comply with 8 C.F.R. § 241.13(i)(3); also ordering release because Respondents also failed to show removal was significantly likely in the reasonably foreseeable future.)  The Court likewise concludes that Respondents' failure to comply with 8 C.F.R. § 241.13(i)(3) in this case is a basis for habeas relief, namely, release.

Finally, the Court considers Petitioner's request that it "[p]ermanently enjoin Respondents from redetaining Petitioner under 8 C.F.R. § 241.13(i)(2)-(3) unless and until Respondents have obtained a travel document allowing for Respondent's removal from the United States."  (Dkt. 1 at 31.)  Courts in this District have granted similar prospective relief enjoining the government from re-detaining individuals under the same unlawful circumstances that gave rise to their habeas petitions.  *See Garrison G.*, 2026 WL 157677, at *4 (prohibiting respondents from "arresting or re-detaining Garrison G.

related to any immigration proceedings without first complying with all regulations that, as set forth above, apply to a decision to revoke orders of supervision"); *Alfredo R.I. v. Bondi*, No. 26-619 (DWF/DLM), 2026 WL 252469, at *3 (D. Minn. Jan. 30, 2026) ("Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.").  Courts in other Districts have applied this principle to enjoin detention until travel documents have been obtained.  *See, e.g., Sun v. Noem,* No. 25-CV-2433-CAB-MMP, 2025 WL 2917160, at *1 (S.D. Cal. Oct. 14, 2025) ("Immigration and Customs Enforcement (ICE) may not re-detain Petitioner unless his removal to Cambodia becomes immediately feasible with a valid travel document, he violates one or more terms of the conditions of his release, or another lawful basis for his detention arises.").  As discussed above, the government's request for a travel document does not show changed circumstances that make it significantly likely that Petitioner may be removed in the reasonable foreseeable future.  The government did not offer any other evidence or argument as to changed circumstances.  Accordingly, the Court recommends that Respondents be enjoined from re-detaining Petitioner unless Poland actually issues a travel document for Petitioner, Petitioner violates a condition of his Order of Supervision, or another lawful basis for his detention arises.

In view of the Court's finding that Respondents have unlawfully detained Petitioner since January 23, 2026, the Court sets an expedited deadline for objections to this Report and Recommendation.  *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, **unless the court sets a different deadline**.") (emphasis added)).  Any objections to this Report and

13

Recommendation are due **February 15, 2026**.  Responses to objections are due

**February 17, 2026**.

## IV.   RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS RECOMMENDED THAT**:

1. The Verified Petition for Writ of Habeas Corpus of Petitioner Dusan C. (Dkt. 1) be **GRANTED** such that

    a. If Petitioner is being detained outside of Minnesota, Respondents be ordered to transport Petitioner to Minnesota and release Petitioner from custody immediately, where Petitioner's release in Minnesota must occur no later than 48 hours after the filing of this Order.

    b. If Petitioner is being detained in Minnesota, Respondents be ordered to release Petitioner from custody as soon as practicable, and no later than 48 hours from the filing of this Order.

    c. Given the severe weather conditions in Minnesota, Respondents be ordered to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold.  It is preferable to release Petitioner to counsel to ensure humane treatment.

    d. Respondents be ordered to release Petitioner with all personal effects, such as driver's license, passports, or immigration documents.

    e. Respondents be enjoined from imposing any conditions on Petitioner's release other than the conditions in his preexisting Order of Supervision dated January 19, 2000; and

    f. Respondents be enjoined from re-detaining Petitioner under 8 C.F.R. § 241.13 unless Poland issues a travel document for Petitioner, or Petitioner violates a condition of his Order of Supervision, or another lawful basis for his detention arises.

2. Petitioner Dusan C. be permitted to move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

14

Dated: February 13, 2026

*s/Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. **The Court modifies this deadline such that objections are due on or before February 15, 2026.** *See* D. Minn. LR 72.2(a)(1) ("A party may file and serve objections to the order within 14 days after being served with a copy, unless the court sets a different deadline."). **Responses to objections are due on or before February 17, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).